## Case No. 12,010.

ROGERS v. ENNIS.

[15 Blatchf. 47; 14 O. G. 601; 3 Ban. & A. 366; Merw. Pat. Inv. 467.] [1]

Circuit Court, N. D. New York. July 9, 1878.

PATENTS — TABLE BEVERAGES — NOVELTY — INFRINGEMENT.

1. The letters patent granted to James J. Rogers, July 10th, 1877, for an "improvement in table beverages," the claim of which is, "the composition, as a table beverage, consisting of water, sugar, oil of wintergreen, alcohol, yeast and burnt sugar, in the proportions substantially as described," are valid.

2. The letters patent granted to James J. Rogers, December 25th, 1877, for an "improvement in birch beer," the claim of which is, "the improved material herein described for producing beer called birch beer, and consisting of water, sugar, oil of birch, alcohol, home-made yeast and burnt sugar, in the proportions substantially as specified," are valid.

3. The inventions are new and useful compositions of matter.

[This was a bill in equity by James J. Rogers against Albert G. Ennis for the infringement of letters patent Nos. 193,038 and 198,-467, granted to plaintiff July 10, 1877, and December 25, 1877, respectively.]

R. Holland Duell, for plaintiff.
M. F. Brown, for defendant.

BLATCHFORD, Circuit Judge. Letters patent were granted to the plaintiff, July 10th, 1877, for an "improvement in table beverages." The specification states that the invention is "a new and useful composition for a table beverage," and "consists in a mixture of water, sugar, oil of wintergreen, cut in alcohol, brewer's yeast and burnt sugar." It then gives directions as to the manner and proportions in which the ingredients are to be compounded. The claim is, "The composition, as a table beverage, consisting of water, sugar, oil of wintergreen, alcohol, yeast and burnt sugar, in the proportions substantially as described." Letters patent were granted to the plaintiff, December 25th, 1877, for an "improvement in birch beer." The specification states that the invention is "a new and useful composition called birch beer," and "consists in a mixture of water, sugar, oil of birch, cut in alcohol, home-made yeast and burnt sugar." It then gives directions as to the manner and proportions in which the ingredients are to be compounded. The claim is, "The improved material herein described for producing beer called birch beer, and consisting of water, sugar, oil of birch, alcohol, home-made yeast and burnt sugar, in the proportions substantially as specified."

The defendant contends that all that the plaintiff did was to put into the beer the oil of wintergreen, in the one case, and the oil of birch, in the other; that the plaintiff invented no new process of making the beer; and that his invention was not one of any new or useful composition of matter, because the mere putting into the compound the oil of wintergreen or the oil of birch, as a flavor, is not a useful improvement, within the patent laws. The defendant further contends that the use of the oil of wintergreen or the oil of birch in the compound, is not the use of any material or substantial part of the compound, so as to authorize the granting of a patent for the compound, the use of the other materials to form the compound not being new.

These patents stand on narrow ground, but yet the defendant has infringed each of them, by using the exact formula laid down by the patentee in each case. The compositions of matter are shown to be useful, agreeable to those who use them, profitable to the plaintiff through his manufacture and sale of them, and new. This constitutes patentability. Although all the ingredients except the oil of wintergreen or the oil of birch may have been compounded together before, to make a composition of matter, the addition of the given oil, whether to replace some other ingredient or not, makes a new composition of matter. It appears in evidence, that the bark of the birch tree had been previously used as flavoring matter for a beer; that the plaintiff found he could get a stronger and better flavor, at less expense, by using the oil of wintergreen, the flavor of which is like that of black birch; and that he afterwards substituted the oil of birch for the oil of wintergreen, with some other slight changes of ingredients and treatment. There must be a decree for the plaintiff, as prayed for, in regard to each patent, with costs.

[For another case involving this patent, see Rogers v. Beecher, 3 Fed. 639.]